C. E. HOWINGTON v. THE STATE.

No. 7599. Decided April 4, 1923.

Rehearing Denied June 13, 1923.

**1.—Burglary—Evidence—Suspicion.**

Where the examination of a bill of exceptions revealed the fact that the State's witness made the statement that he went to the hotel in the first instance on suspicion, he was asked some other questions and was partially engaged in answering them when the defendant's attorney objected as

to his suspicions, and there is nothing in the bill from which this court may apprehended injury to defendant, there was no error.

### 2.—Same—Evidence—Arrest—Acts of Defendant.

Where there was nothing in the bill of exceptions which shed any light upon the question as to whether defendant was under arrest at the time, and the question was asked whether there was anything to prevent him from leaving the country, there was no error in sustaining State's objection thereto. Following Turner v. State, 246 S. W. Rep., 187.

### 3.—Same—Evidence—Acts of Third Parties.

Upon trial of burglary there was no error in not allowing defendant to ask a State's witness if he had not first accused another of the burglary for which defendant was now being prosecuted. under the facts of the instant case.

### 4.—Same—Requested Charge.

Where, upon trial of burglary, the requested charge was on the weight of the evidence, there was no error in refusing the same.

### 5.—Same—Charge of Court—Intent of Defendant.

Where defendant complained of the reference in the charge of the court to the proposition of an entry with intent to commit a felony, because the pleading showed that defendant's entry was for the purpose of committing theft, the same is untenable under the charge given by the court.

### 6.—Same—Rehearing—Suspicion.

Where the property was found it was wholly immaterial that the witness's suspicion directed him thereto, as the burglarized property was found in said place.

### 7.—Same—Arrest—Flight.

There was no error in sustaining the State's objection to a question by defendant that he did not run away or make an effort to escape; besides the bill of exceptions is insufficient; nor was there any error in not permitting defendant to show that another party had been accused of the burglary.

Appeal from the District Court of Eastland. Tried below before the Honorable Geo. L. Davenport.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*James A. King,* and *Chastain, Judkins & Chastain,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Eastland County of burglary, and his punishment fixed at two years in the penitentiary.

Without dispute in the record it is made to appear that a drugstore belonging to a Mr. Livingston was broken and entered at night

about the 23rd of May, 1922, and from a tray of jewelry containing watches, rings la valliers, wrist watches, etc., about thirteen watches and twenty-three rings were taken. The glass of a window of the drugstore was broken in the entry. Blood was discovered in the immediate vicinity of the broken window and traced across the street and up a fire escape into a hotel, down the hall and into a room in which appellant was when the searching party arrived. Appellant seemed to be asleep when they entered. In the examination of appellant a fresh cut was found on one of his fingers and according to the testimony of one of the witnesses it seemed to be still bleeding. The proprietor of said hotel was a woman by the name of Billie Jenkins. The searching party aroused the proprietor and made some search of the premises. In a junk room not far from the room occupied by appellant a laundry bag was discovered and in it was found the missing articles of jewelry. Appellant took the stand in his own behalf and testified that on the night in question he left his room in said hotel and went down the fire escape, thinking he would go into the restaurant under the hotel and get something to eat. This was about four o'clock A. M. The restaurant was closed. Appellant said when he got to the foot of the fire escape and stopped a short distance from it, two men passed by and one of them cut him on the hand and that he "beat it" back up the fire escape to his room. He also said that he presently heard the officers talking and went back down the fire escape and found the officers and Miss Billie Jenkins in conversation. In our opinion the evidence was sufficient to justify the jury's conclusion of guilt.

Appellant's first bill of exceptions is leveled at testimony of Mr. Livingston to the effect that the thing that made him go to the Southern hotel in the first instance was his suspicion. An examination of said bill reveals the fact that witness made the statement apparently complained of and was asked some other question and was partially engaged in answering the latter when appellant's attorney objected to the testimony of the witness as to his suspicions. There is nothing in the bill from which we may apprehend injury to the appellant even if the objection had been promptly and properly made, which, however, we do not believe to be the fact. The house did not belong to appellant, nor did Mr. Livingston know he would be found therein.

Appellant asked a State witness the following question: "We there anything, from the time he was in the restaurant there, to prevent him from leaving the country, if he had wanted to?" The bill recites that the question was objected to by State's counsel and the objection sustained. It is stated that appellant contended it was competent and permissible to prove that defendant was not under arrest and could have left the country if he had desired, in order to show that he was not conscious of any guilt. There is nothing in the bill that affords us any light upon the question as to whether appel-

lant was under arrest at the time or not. There is nothing stated what-
ever in said bill reflecting the situation or surroundings of the wit-
ness or the appellant from which we could conclude that the testi-
mony was of any materiality. In the preparation of a bill of ex-
ceptions, we have often said that care should be taken to state enough
of the facts and circumstances surrounding and affected by the
proposed or rejected testimony, to enable us to understand and decide
the question of injury. Turner v. State, 93 Texas Crim Rep., 104,
246 S. W. Rep. 187.

Appellant also complains because he was not allowed to ask Mr.
Livingston while on the witness stand if he had not first accused one
Billie Jenkins of the burglary for which appellant was now being
prosecuted, and if it was not a fact that Billie Jenkins was in the
house and restaurant about the time of the burglary. The objection
of the State was properly sustained. There are many facts in this
record upon which might be based the theory that appellant and
Billie Jenkins were operating together in the transaction in question,
and it would be immaterial as to which of said parties was first sus-
pected by Mr. Livingston of being the burglar.

A special charge setting out at length testimony given by the ap-
pellant and concluding with an instruction to the jury that if they
should find from the evidence the matters contained in said special
charge to be true, they would acquit the defendant, is a charge upon
the weight of the evidence and was properly refused.

In his charge to the jury the court gave the statutory definition
of burglary, that is, that burglary was constituted by entering a
house, etc., with the intent of committing a felony or the crime of
theft. Appellant complained of the reference in the charge to the
proposition of an entry with intent to commit a felony, averring that
it was only pleaded that his entry was for the purpose of committing
theft. We are inclined to think counsel for appellant some what
critical. The charge of the court applying the law to the facts
restricted the jury to the consideration of an entry for the purpose
of committing theft. The facts abundantly showed that whoever
entered the house did so with the intent to commit and did commit
felony theft.

No error appearing in the record, an affirmance will be ordered.

*Affirmed.*

### ON REHEARING.
### June 13, 1923.

LATTIMORE, Judge—Appellant insists that we erred in not
sustaining his bill of exceptions No. 1, and discusses at length the
impropriety of sustaining convictions founded upon suspicions. We
do not entertain the same view of appellant's said bill which seems
to be in his mind. From our original opinion it will be observed that

the house in which the property taken from the alleged burglarized house was found, was across the street from said house in which the burglary, if any, was committed. The party who found the property in said building, which was the Southern hotel, was asked while on the witness stand what attracted his attention to said hotel. His reply was that his suspicions were all. This was wholly immaterial and was in nowise relied upon and might well have been omitted. What attracted his attention to the house in which he afterwards found the burglarized property, could cut no figure in the case one way or another, and his statement of the fact that his attention was attracted in that direction by his suspicions amounts to nothing. The evidential fact and the important matter is that he went to said house and found therein the stolen property and found on the fire escape of said building blood, and also found in said building the appellant with a freshly cut wound on his hand. These latter facts are material and the fact that the witness was caused to go to said house by suspicions could cut no figure. Appellant did not own the house and was not known or believed by the party whose testimony is thus complained of, to be in said house, and if the fact that witness was led to go to said house by suspicions, could be objectionable at all, it would seem to be at the instance of the party who ran the house or controlled the premises and not at this appellant whose presence therein, as well as that of the stolen property, was wholly unknown to said witness.

Appellant insists that we misapprehended his bill of exceptions No. 2 and that by the evidence rejected by the trial court and for the refusal of which appellant complains, he expected to show that he was not under arrest but was free to go where he pleased, and the fact that he did not run away or make any effort to escape was a circumstance sustaining the proposition that he was not the guilty party. We again repeat that we do not know, and are not informed by the bill of exceptions, what objections were made to the question. On appeal every presumption is in favor of the correctness and regularity of the rulings of the trial court until by sufficient averment in the bill of exceptions complaining thereof, the incorrectness or irregularity of such action is made to appear. If we presume that the State objected on the ground that the evidence showed the appellant to be under arrest, and that fact was known to the trial court from other evidence and he, therefore, sustained the State's objection, his ruling would have been correct. Appellant puts nothing in his bill by which we may know what objection was made by the State, nor what the testimony surrounding the question, might be.

We have again reviewed the proposition that the court erred in not allowing appellant to show that Billie Jenkins, the proprietress of the Southern hotel, was first accused of the burglary. We again confess our inability to perceive the injury of this question. The issue

before the jury was whether appellant in fact committed the burglary and we are wholly unable to perceive how the proposition that Billie Jenkins,—in whose house appellant was found shortly after the burglary, and in whose house the stolen property was found, was first accused of said burglary,—could have any legitimate weight in determining who in fact committed the burglary.

Being of opinion that the case was correctly decided, the motion for rehearing will be overruled.

*Overruled.*